**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James M. DAMON and Johanna E.
Damon, Defendants-Appellants.**

No. 81–1251.

United States Court of Appeals,
Fifth Circuit.

May 24, 1982.

Rehearing Denied June 15, 1982.

Simons & Coleman, James M. Simons, Austin, Tex., Warren Burnett, Odessa, Tex., for defendants-appellants.

**1062**

Sidney Powell, Asst. U. S. Atty., San Antonio, Tex., Michael L. Paup, Chief, Appellate Section, Glenn L. Archer, Jr., Asst. Atty. Gen., Robert E. Lindsay, Deborah W. Dawson, Attys., Dept. of Justice, Tax Div., Washington, D. C., for plaintiff-appellee.

Before RUBIN and REAVLEY, Circuit Judges, and HUNTER *, District Judge.

EDWIN F. HUNTER, Jr., District Judge:

Appellants, James M. Damon and Johanna E. Damon, challenge their conviction on various counts of knowingly and willfully assisting in the preparation of false or fraudulent income tax returns in violation of 26 U.S.C. § 7206(2).[1] The validity of the convictions is challenged on statutory and constitutional grounds, and further on the basis of certain alleged trial and procedural errors. We reject these contentions as being totally without merit and affirm the convictions.

The government adduced the testimony of 25 taxpayers who had used the defendants' tax return preparer service. The evidence proved beyond any doubt that defendants willfully and systematically prepared false and fraudulent tax returns by simply manufacturing various deductions to which they knew taxpayers were not entitled.

## CONSTITUTIONAL ATTACK

■ Defendants' primary contention is that the statute is unconstitutional because it is both overbroad and vague. The first premise of this contention is that it proscribes and punishes "pure speech." We

are unimpressed with this argument. These defendants cannot be exonerated on such an extremely tenuous possibility. The conduct proscribed can not be considered "pure speech." The Supreme Court has distinguished between speech which merely advocates law violation and speech which incites imminent lawless activity. *Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430. The former is protected; the latter is not. The statute here involved proscribes only purposefully incited imminent lawless activity. This is clearly discerned from the commonly understood meanings of "procure," "counsel" and "advise," and from judicial interpretations of the statute itself. *United States v. Newton*, 68 F.Supp. 952, 954 (W.D.Va.1946), aff'd. 162 F.2d 795 (4th Cir. 1947), *cert. denied* 333 U.S. 848, 68 S.Ct. 650, 92 L.Ed. 1130 (1948); *United States v. Habig*, 390 U.S. 222, 223, 88 S.Ct. 926, 927, 19 L.Ed.2d 1055 (1968). The type of incitive speech with which we are here concerned is surely not constitutionally protected speech. *Brandenburg v. Ohio, supra; Scales v. United States*, 367 U.S. 203, 81 S.Ct. 1469, 6 L.Ed.2d 782 (1961); *Yates v. United States*, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957); *Dennis v. United States*, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951); *Fox v. Washington*, 236 U.S. 273, 35 S.Ct. 383, 59 L.Ed. 573 (1915); *United States v. Moss*, 604 F.2d 569 (8th Cir. 1979), *cert. denied* 444 U.S. 1071, 100 S.Ct. 1014, 62 L.Ed.2d 752 (1980); *United States v. Buttorf*, 572 F.2d 619 (8th Cir.), *cert. denied* 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978).

■ Defendants' second constitutional attack is premised upon the argument that it "does not spell out what specific conduct is proscribed." We find this impossible to

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. This section provides:

§ 7206. Fraud and false statements. Any person who—

\* \* \* \* \* \*

(2) . . . [w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document . . .

\* \* \* \* \* \*

shall be guilty of a felony . . .

accept. The defendants lack standing to challenge Section 7206(2) on the ground that it is unconstitutionally vague on its face. In *United States v. Raines*, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960), the Supreme Court stated the applicable rule:

> One to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional.[2]

Thus, this Court's inquiry is properly limited to the question of whether the statute is impermissibly vague as applied to these defendants.[3]

The constitutional requirement of definitiveness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *U. S. v. Harriss*, 347 U.S. 612, 617; 74 S.Ct. 808, 811, 98 L.Ed. 989. Here, the indictment charged and the evidence established that the defendants willfully and systematically prepared false or fraudulent tax returns claiming deductions to which they knew the taxpayers were not entitled. Defendants' conduct falls squarely within the precise language of the statute's proscriptions. We reiterate the solution of Justice Holmes in *United States v. Wurzbach*, 280 U.S. 396, 399, 50 S.Ct. 167, 169, 74 L.Ed. 508 (1930): "If there is any difficulty, which we are far from intimating, it will be time enough to consider it when raised by some one whom it concerns."[4]

## SUFFICIENCY OF THE INDICTMENT UNDER THE STATUTE

Defendants insist that the indictment does not state an offense under Section 7206(2). This is true, they contend, because since Schedule C's were not specifically and explicitly required by statute or regulation, the inclusion of false or fraudulent Schedule C's on the returns they prepared could not constitute an offense under the statute. Defendants rely on an erroneous and unduly broad reading of our decision in *United States v. Levy*, 533 F.2d 969 (5th Cir. 1976). There, this Court held that an IRS Form 433–AB, which was not required by statute or regulation, was not a "statement, or other document" within the meaning of 26 U.S.C. 7206(1) and, therefore, could not be the basis of an offense under that section. An attempt to stretch the rationale of *Levy* to cover schedules appended to a Form 1040 return was considered and rejected by this Court in *United States v. Taylor*, 574 F.2d 232, 237 (5th Cir., *cert. denied*, 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978)), affirming a conviction under 26 U.S.C. 7206(1) for making and subscribing individual income tax returns containing false and fraudulent Schedules E and F. The *Taylor* decision distinguishes *Levy*[5] and holds that:

> statute (see *Connally v. General Construction Co.*, 269 U.S. 385, 391–392, 46 S.Ct. 126, 127–128, 70 L.Ed. 322 (1926)), and the requirement that the proscribed conduct be willful (see *United States v. National Dairy Products Corp.*, 372 U.S. 29, 35, 83 S.Ct. 594, 599, 9 L.Ed.2d 561 (1963)), Section 7206(2) is not impermissibly vague on its face.

---

**2.** Concededly, this rule does not apply where a statute may be interpreted to reach constitutionally protected speech. See, e.g., *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939). However, Section 7206(2) does not reach constitutionally protected speech. Thus, the standing rule set forth in *United States v. Raines, supra*, precludes the defendants' attack on the face of the statute.

**3.** Given the commonly understood meanings of the words "procure," "counsel," and "advise" (see *Grayned v. City of Rockford*, 408 U.S. 104, 112, 92 S.Ct. 2294, 2301, 33 L.Ed.2d 222 (1972)), the judicial interpretations of the statute (see *Dennis v. United States, supra*, 341 U.S. at 515, 71 S.Ct. at 870), the context of the

**4.** Quoted in *Broadrick v. Oklahoma*, 413 U.S. 601, 609, 93 S.Ct. 2908, 2914, 37 L.Ed.2d 830 and by this court in *United States v. Dozier*, 672 F.2d 531 (5th Cir. 1982).

**5.** See *United States v. Taylor*, id.:
"Defendant's reliance upon *United States v. Levy* . . . is misplaced. The instant case does not involve interpretation of 'statement.' For each tax year in question defendant filed a Form 1040, which clearly is a 'return.' See Treas.Reg. § 1.6012–1."

While there is no explicit requirement in the regulations for the completion and filing of Schedules E and F, it is implicit in required Form 1040 that such schedules, when appropriate, become integral parts of such form and are incorporated therein by reference ... Therefore, we conclude that section 7206(1) requires the same duty of honest reporting on schedules as it requires for entries on the Form proper.

As in *Taylor*, the schedules appended to returns prepared by the defendants in this case were integral parts of such returns and were incorporated therein by reference. The appended Schedule C's, claiming business loss deductions to which the taxpayers were admittedly not entitled, rendered the returns "fraudulent" or "false as to [a] material matter," within the meaning of Section 7206(2).[6] The defendants' preparation of such returns, as charged in the indictment and proven at trial, constituted offenses proscribed by that section, and the District Court quite properly denied the defendants' motion to dismiss.

### DEFENDANTS' MOTION TO SUPPRESS EVIDENCE AND TO DISMISS ON THE BASIS OF ALLEGED SELECTIVE PROSECUTION

Defendants assert that the District Court's order quashing defense subpoenas to IRS agents and employees[7] effectively precluded them from presenting evidence relevant to their motions to dismiss and to suppress; that the District Court erred in denying those motions; and that denial of the motions "without an evidentiary hearing" mandates reversal of their convictions.

First, we note that the defendants were not "denied an evidentiary hearing" on either of their motions. The Court gave counsel an opportunity to explain what he intended to prove through IRS witnesses but remained unpersuaded that their testimony would be relevant or probative. The Court asked for evidence relevant to defense counsel's allegation of a punitive audit, but counsel presented no evidence. Finally, the Court was prepared to hear evidence on the motion to suppress, but again defense counsel chose to call no witnesses.

The gravamen of the defendants' attack on this facet of the indictment was their claim of selective prosecution. To establish the materiality of the testimony they sought from IRS witnesses, it was incumbent upon the defendants to meet the test set forth in *United States v. Berrios*, 501 F.2d 1207, 1211 (2nd Cir. 1974), and adopted by this Court in *United States v. Johnson*, 577 F.2d 1304, 1308 (5th Cir. 1978):

> To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie* (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

The defendants here utterly failed to make the showing required by *Johnson*. Aside from a bare allegation of selective prosecution, the defendants made no showing whatsoever that other return preparers who routinely prepared false or fraudulent returns were ignored by the IRS.[8] Having failed to establish, prima fa-

---

6. Cf. *Siravo v. United States*, 377 F.2d 469, 472 (1st Cir. 1967), affirming a conviction under 26 U.S.C. 7206(1) for making and subscribing a return which omitted a Schedule C which should have been included: "a return that omits material items necessary to the computation of income is not "true and correct" within the meaning of Section 7206."

7. The subpoenaes were quashed only "insofar as [they] require testimony relating to the allegations of selective prosecution."

8. Cases involving the trials and tribulations, frauds and attempted frauds of tax preparers are not novel to this Court. See *United States v. Haynes*, 573 F.2d 236 (1978); *United States v. Brown*, 548 F.2d 1194 (1977), and cases cited in footnote 5 therein.

cie, that they satisfy the first requirement of the *Berrios* test, defendants cannot prevail on their claim of selective prosecution; (see *United States v. Johnson,* supra, at 1309) consequently, they failed to establish the materiality of the testimony they sought and any "colorable entitlement" to an evidentiary hearing.

 Similarly, the defendants were not entitled to an evidentiary hearing on their motion to suppress. There is, of course, a presumption of validity with respect to the affidavit supporting the search warrants. To mandate an evidentiary hearing, there must be more than a bare conclusory allegation. The Supreme Court has quite clearly defined the circumstances under which a defendant is entitled to a hearing on a motion to suppress:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons ... Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. *Franks v. Delaware,* 438 U.S. 154, 171–172, 98 S.Ct. 2674, 2684–2685, 57 L.Ed.2d 667 (1978).

The defendants' single unsupported allegation does not meet the requirements set forth in *Franks.*

We have carefully considered the other assertions of error and find them equally without merit. The Court acted well within its discretion in denying the motion for severance. The prosecutor's one-sentence comment utilized in his rebuttal argument referred to a single hearsay objection made during the course of a lengthy and hotly contested trial. Examining the remark in context, we find no impropriety. In any event, given the magnitude of the proof of guilt, such a response—if error at all—was well within the realm of harmless error. *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); see also *United States v. Dorr,* 636 F.2d 117, 120 (5th Cir., 1981); *United States v. Bright,* 630 F.2d 804, 825 (5th Cir. 1981).

The convictions are AFFIRMED.