**UNITED STATES of America**

v.

**John E. HOLROYD, Defendant.**

**No. CR–83–100.**

United States District Court,
W.D. New York.

Nov. 18, 1983.

income from federal corporate income taxation.

Salvatore R. Martoche, U.S. Atty., Buffalo, N.Y. (Joseph M. Guerra, III, Asst. U.S. Atty., Buffalo, N.Y., of counsel), for U.S.

LoTempio & Brown, P.C., Buffalo, N.Y. (Patrick J. Brown, Buffalo, N.Y., of counsel), for defendant.

CURTIN, Chief Judge.

Defendant has moved to dismiss this indictment, charging him with making false statements on Internal Revenue Service Forms 433–AB (Count I) and 433–A (Count II). For the reasons stated below, the defendant's motion must be granted.

Forms 433–AB and 433–A are collection information statements which inquire into a taxpayer's ownership of assets in order to determine his ability to pay taxes due. The statute upon which the instant indictment is based is 26 U.S.C. § 7206(1). It provides as follows:

Any person who—

(1) ...—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter ...

shall be guilty of a felony ....

For the purposes of this motion, the court will assume that the defendant knowingly made false declarations concerning his ownership of certain assets (in this case, a boat). The defendant in his motion argues, however, that false declarations made on forms such as 433–AB and 433–A cannot be the basis for a violation of section 7206(1). In this connection, defendant cites *United States v. Levy*, 533 F.2d 969 (5th Cir.1976), a case which also involved Form 433–AB. Since this form was revised in 1981, thus giving rise to Form 433–A, the holding in *Levy* would apply with equal force to false declarations made on Form 433–A.

The court in *Levy* noted that there is no statute or regulation pursuant to which Form 433–AB was created. (In the present

See Finding of Fact No. 12.

case, the government candidly admits that since *Levy* was decided, no such statute has been enacted, and no such regulation has been promulgated.) The court held that the word "statement" in section 7206(1) applies only to forms which are required by statute or regulation. Since Form 433–AB is not so required, the court held that it is not a "statement." The court noted that criminal statutes ought to be strictly construed and that the benefit of any ambiguity should go to the defendant. *United States v. Levy, supra* at 973.

The court also rejected the argument that 26 U.S.C. § 7602 provided the statutory authority for a revenue officer to use Form 433–AB to compel a person to make truthful declarations under penalty of perjury. The court noted that section 7602 allows a taxpayer to be summoned to give testimony under oath, but the court refused to hold that filling out a form and then signing one's name "under the penalties of perjury" was the same as giving testimony under oath. *Id.* at 974.

The holding in *Levy* should be applied here as well. Recent cases which have discussed *Levy* do not suggest that a different result should obtain. In *United States v. Damon,* 676 F.2d 1060 (5th Cir. 1982), the United States Court of Appeals for the Fifth Circuit held that the rationale of *Levy* should not be "stretched" to apply to false declarations made on a reporting schedule which was incorporated by reference into a return (Form 1040) which was required by statute. The instant case does not require any stretching of the *Levy* holding. The facts here are almost identical. Nor does *United States v. Sun Myung Moon,* 532 F.Supp. 1360 (S.D.N.Y. 1982), indicate a different result. That case also involved false declarations made on a schedule which was incorporated by reference into a required return. Thus, in both *Damon* and *Moon,* there was statutory or regulatory authority for the existence of the "return, statement, or other document" which was the basis of a prosecution under 26 U.S.C. § 7206(1).

There is no similar authority for Forms 433–AB and 433–A. Consequently, they are not "statements" within the purview of 26 U.S.C. § 7206(1). Therefore, false declarations made on those forms cannot form the basis of a criminal prosecution under that statute. The instant indictment is dismissed.

So ordered.