# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11591

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT EARL RAMSEUR,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-65-1

Before OWEN, Chief Judge, and HAYNES and COSTA, Circuit Judges.

PER CURIAM:*

Appellant Robert Earl Ramseur was indicted for twenty-six counts of willfully assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2), and was convicted by a jury on all counts. The district court sentenced Ramseur to sixty-four months of imprisonment and restitution of $399,400 to the Internal Revenue Service ("IRS"). Ramseur appeals the district court's judgment on three grounds, arguing that (1) the evidence was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11591

not sufficient to show that the false statements were material, as required under § 7206(2); (2) the restitution order unlawfully considered more than the actual loss suffered by the IRS; and (3) the written judgment contained a clerical error that should be corrected under Federal Rule of Criminal Procedure 36(k).  He also argues for the first time on appeal that his trial counsel was constitutionally ineffective.  For the reasons set forth below, we AFFIRM the district court's judgment as to his conviction and VACATE the district court's restitution order and REMAND for proceedings consistent with this opinion in that regard.  We further REMAND for the district court to correct the written judgment to incorporate all of the convictions.  Lastly, we DENY without prejudice Ramseur's ineffective assistance of counsel claim.

## I.    Background

Ramseur operated a tax preparation business in Dallas.  While investigating Ramseur for insurance fraud in February 2013, the Texas Department of Insurance ("TDI") discovered that multiple treasury checks were being deposited directly into Ramseur's business account.  TDI informed the IRS that Ramseur may have been engaged in filing fraudulent tax returns (hereinafter "February 2013 Statement").

During initial investigation of Ramseur's tax filings, the IRS found that eighty-seven percent of his prepared tax returns from 2009 to 2012 included a Schedule C—a document that reports profit or loss by a self-employed individual—and reported business losses at a frequency that exceeded national statistics.  The IRS interviewed taxpayers who had used Ramseur's services for multiple years; it discovered that most of them were not self-employed and thereby were precluded from claiming a Schedule C loss.

In April 2013, an undercover IRS agent went to Ramseur's office posing as a client wanting to have a tax return prepared to confirm whether Ramseur was filing false Schedule Cs to obtain greater tax returns.  Indeed, Ramseur

No. 18-11591

did just that and filed a false Schedule C for the undercover IRS agent, reporting a loss for a non-existent marketing business.

A grand jury charged Ramseur with twenty-six counts of willfully assisting in the preparation of materially false tax returns for ten different clients, in violation of 26 U.S.C. § 7206(2). For each count, the indictment alleged a single, material falsity: "that the taxpayer was entitled to claim a Schedule C business loss . . . when . . . said taxpayer was not entitled to claim a Schedule C business loss, or the loss amount was grossly overstated."

At trial, the ten clients confirmed that the charged tax returns contained false Schedule Cs. Nine clients testified that they either never operated a business or never told Ramseur they did. One client operated a business but never told Ramseur that his business lost the amount of money reported on his Schedule C. Further, seven clients were audited for back taxes. After the close of evidence, the district court instructed the jury on the elements of the § 7206 charges:

> First: That the defendant aided and assisted in or procured, counseled, or advised the preparation of a return arising under the internal revenue laws;
>
> Second: That this return falsely stated on Schedule C, line 31 and on line 12 of Form 1040 that during the tax year charged in the count, the taxpayer was entitled to claim a business loss in the amount set forth in the count;
>
> Third: That the defendant knew that the statement in the return was false;
>
> Fourth: That the false statement was material; and
>
> Fifth: That the defendant aided and assisted in, or procured, counseled, or advised the preparation and/or presentation of this false statement willfully, that is, with intent to violate a known legal duty.

The jury instructions also informed the jury that "[a] statement is 'material' if it has a natural tendency to influence, or is capable of influencing,

3

the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income by a taxpayer." The jury found Ramseur guilty on all counts.

The Presentence Investigation Report ("PSR") noted that, as Title 26 offenses, the district court could impose discretionary restitution for the convicted counts. Based on the IRS's initial investigation, which uncovered fifty-five tax returns, each containing at least one false Schedule C deduction, the PSR stated that the defendant could be responsible for restitution of $399,400. Ramseur objected to the restitution, stating that the PSR did not "include sufficient evidence on which to base a restitution award" as required under *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012). In particular, Ramseur pointed out that "several taxpayer witnesses . . . testified that they were never audited, their returns were never adjusted, and they [had] not made any payments to the IRS for alleged taxes due."

At sentencing, the district court orally pronounced a within-Guidelines sentence for all counts. The court accurately imposed the sentence for each count in its written judgment but left out Counts 21 to 26 in its "Counts of Conviction," and it ordered Ramseur to pay $399,400 in restitution to the IRS. Ramseur timely appealed his judgment.

On appeal, Ramseur raises four claims: (1) the district court lacked sufficient evidence to support the conviction under 26 U.S.C. § 7206(2); (2) the restitution order was illegal; (3) the written judgment incorrectly recited the counts of conviction under Federal Rule of Criminal Procedure 32(k); and (4) trial counsel provided ineffective assistance for failure to investigate, develop, and present evidence of the February 2013 Statement.

No. 18-11591

## II.    Discussion

### A. Sufficiency of Evidence

We review Ramseur's sufficiency of evidence claim de novo, viewing "all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Morrison*, 833 F.3d 491, 499 (5th Cir. 2016) (quoting *United States v. Churchwell*, 807 F.3d 107, 114 (5th Cir. 2015)). As the jury instruction correctly stated, a statement is material if it has "a natural tendency to influence, or be capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Richardson*, 676 F.3d 491, 505 (5th Cir. 2012) (internal quotation marks omitted) (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995)).

Ramseur contests only the materiality element of his § 7206(2) charges. He contends that the IRS could not have investigated him based on the allegedly false Schedule C losses because the IRS did not discover these losses until it started investigating him based on the February 2013 Statement. He argues that, rather than the allegedly false Schedule Cs, the February 2013 Statement was material. Alternatively, Ramseur contends that the Schedule Cs were not capable of influencing the IRS to investigate or audit because the alleged tax scheme was not covert or complex and thus could not have triggered any anomaly for investigation.

Even if we were to accept Ramseur's arguments, the jury instruction on materiality refers not only to investigating a tax return, but also "verifying . . . the reporting of income by a taxpayer." In *United States v. Taylor*, we held that because accurate information on an individual income tax return was "vitally necessary for the IRS to verify" a taxpayer's income, failure to provide such information constitutes a materially false statement. 574 F.2d 232, 235–36 (5th Cir. 1978); *see also United States v. Damon*, 676 F.2d 1060, 1064 (5th

No. 18-11591

Cir. 1982) (stating that "[t]he appended Schedule C's, claiming business loss deductions to which the taxpayers were admittedly not entitled, rendered the returns 'fraudulent' or 'false as to (a) material matter,' within the meaning of Section 7206(2)"). Here, the Schedule Cs on Ramseur's clients' tax returns were necessary for the IRS to verify their income. Thus, a rational jury could have found that the inaccurate information on those Schedule Cs was material.

## B. Restitution Order

Ramseur argues the district court's restitution order was unlawful because (1) the IRS failed to account for the repayments some of Ramseur's clients made to the IRS, and (2) the restitution exceeded the actual loss from the offenses of conviction by accounting for fifty-five tax returns of twenty-one taxpayers.[1]

Because Ramseur failed to raise these objections in the district court proceedings, we review for plain error. *United States v. Maturin*, 488 F.3d 657, 659–60 (5th Cir. 2007); *see also United States v. Tolentino*, 766 F. App'x 121, 125 (5th Cir.) (per curiam) (concluding that plain error review applies where the defendant failed to object to the specific issue on appeal), *cert. denied*, 205 L. Ed. 2d 146 (2019). Ramseur contends that he preserved his restitution objections and that we should review de novo. However, his objection to the restitution recommended in the PSR was that the PSR failed to "include sufficient evidence on which to base a restitution award" because "several

---

[1] Ramseur also argues that the restitution order is illegal because the Mandatory Victims Restitution Act ("MVRA") does not apply. We agree that the MVRA does not apply. 18 U.S.C. § 3663A(c)(1)(A) (omitting Title 26 tax offenses from the MVRA); *U.S. v. Nolen*, 523 F.3d 331, 332 (5th Cir. 2008) (holding that "restitution may not be ordered for a Title 26 offense except as a condition of probation or supervised release"). But the PSR did not recommend restitution under the MVRA, and the district court may discretionarily impose restitution as a condition of supervised release under 18 U.S.C. §§ 3583(d) and 3663, which it did here. *See United States v. Westbrooks*, 858 F.3d 317, 327 (5th Cir. 2017), *vacated on other grounds by* 138 S. Ct. 1323 (2018) (mem.).

taxpayer witnesses . . . testified that they were never audited, their returns were never adjusted, and they ha[d] not made any payments to the IRS for alleged taxes due." Thus, he raises new claims on appeal, and we review for plain error.

Under plain error review, "this court can correct an error in the district court proceedings only if the error was clear or obvious and affected the substantial rights of the defendant." *Maturin*, 488 F.3d at 660; *see also* FED. R. CRIM. P. 52(b). If the defendant satisfies these requirements, "this court may, in its discretion, grant the defendant relief if 'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Maturin*, 488 F.3d at 600 (quoting *United States v. Ibarra-Zelaya*, 465 F.3d 596, 606 (5th Cir. 2006)).

Restitution is limited to "the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey v. United States*, 495 U.S. 411, 413 (1990). This loss takes into account the loss already repaid to the victim. *See United States v. Udo*, 795 F.3d 24, 34 (D.C. Cir. 2015) (holding that restitution be reduced by the amount the defendant already paid to the victim); *see also United States v. Austin*, 479 F.3d 363, 373 (5th Cir. 2007) (holding that restitution for falsely claimed benefits for funding employees' pension plans be reduced by the amount the defendant funded after the benefits reporting deadline). Thus, a district court commits plain error when it orders a defendant to pay restitution exceeding the actual loss, and this "error affects substantial rights as well as the fairness and integrity of the judicial proceeding." *Austin*, 479 F.3d at 373.

Here, as the Government concedes, the district court committed reversible plain error when it imposed a restitution order that included losses from tax returns other than the twenty-six for which Ramseur was convicted. Moreover, the district court committed reversible plain error by failing to

account for the fact that several of Ramseur's clients paid the IRS for payments owed on tax returns that were the basis of Ramseur's convictions. Other witnesses testified that they made back payments to the IRS for unidentifiable tax years, which may be attributable to one of Ramseur's convicted offenses.

Although the testimonies do not specify the amount of actual loss that has been repaid, the Government expressed willingness to provide more specific information on payments received by the IRS on the tax returns associated with Ramseur's convictions to determine the correct actual loss. In a similar case where the district court failed to consider the repayments made by the defendant's clients in its restitution order, the D.C. Circuit remanded the case for the district court to reconsider the actual loss "with any information about updated payments from [the defendant's] clients." *Udo*, 795 F.3d at 34. In the same manner, we vacate the district court's restitution order and remand for the court to reconsider the restitution order in a manner consistent with this opinion.

### C. Correction of the Written Judgment

Ramseur also argues that the case should be remanded for correction of the final judgment in accordance with Federal Rule of Criminal Procedure 36 because the final judgment omits Counts 21 to 26. The Government agrees. "This court has authority to review errors in a judgment for the first time on appeal." *United States v. Perez-Melis*, 882 F.3d 161, 168 (5th Cir. 2018). Consistent with our holding in *Perez-Melis*, we remand the case to the district court to correct the final judgment to reflect all twenty-six counts of conviction. *See id.* (remanding the case for correction of the final judgment to reflect the counts dismissed from the indictment).

### D. Ineffective Assistance of Counsel

"As a general rule, we decline to review claims of ineffective assistance of counsel on direct appeal" because it requires the court to "proceed on a trial

record not developed precisely for the object of litigating or preserving the claim and thus [is] often incomplete or inadequate." *United States v. Gordon*, 346 F.3d 135, 136 (5th Cir. 2003) (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)).  We decline to reach this issue on direct appeal, so we deny it without prejudice. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

### III.     Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment as to his conviction and VACATE the district court's restitution order and REMAND for proceedings consistent with this opinion in that regard.  We further REMAND for the district court to correct the written judgment to incorporate all of the convictions.   Lastly, we DENY without prejudice Ramseur's ineffective assistance of counsel claim.