**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**William P. BROOME, Jr.,**
**Defendant–Appellant.**

**No. 80–7059**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1980.

---

1. It follows that his evidence to this effect was not admissible.

George P. Dillard, Richard W. Calhoun, Decatur, Ga., for defendant–appellant.

Gerrilyn G. Brill, Asst. U. S. Atty., Atlanta, Ga., for plaintiff–appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The Appellant, William P. Broome, Jr., was initially indicted on five counts of misapplication of bank funds in violation of 18 U.S.C. § 656 and one count of conspiracy to misapply such funds in violation of 18 U.S.C. § 371. Nearly one month later, a superseding indictment was filed against Broome. The substantive counts in the superseding indictment were similar to the first indictment, the only changes being that the making of the unsecured loans in each count was inadequately supported by credit information and collateral which rendered each loan financially unsound and that each loan was actually for the use and benefit of Broome and another individual. The conspiracy count was substantially the same as in the first indictment. The previous indictment was then dismissed. Broome was tried before a jury, which was unable to return a verdict. The district judge declared a mistrial and denied a motion for judgment of acquittal.

On the date the case was set for retrial, Broome changed his plea from not guilty to *nolo contendere*. The district judge was extremely meticulous in explaining to Broome at that time in open court the ramifications of a plea of *nolo contendere*. The court explained that the maximum penalty is identical to that which an individual could receive from a plea of guilty. The court informed Broome that if a plea of *nolo contendere* is accepted, he waives his right to a speedy trial by jury, his right to confrontation, his right against self–incrimination and his right to require the government to prove its case against him. Broome stated that he understood this and that he still chose to enter a plea of *nolo contendere*.

The court then accepted the plea. Following a presentence investigation of Broome conducted by the United States Probation Office, the district judge sentenced Broome to one year and one day on each of the six counts to run concurrently. Broome now contends that the superseding indictment failed to state a crime and that exceptional circumstances exist to allow him to challenge the factual allegations of the indictment.

Initially, it must be noted that an individual who enters a plea of *nolo contendere* waives all nonjurisdictional defects. *Williams v. Wainwright*, 604 F.2d 404, 407 (5th Cir. 1979); *Fisher v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978). A defendant

who enters such a plea is then limited to claiming that the indictment failed to state an offense, that the statute is unconstitutional or that the statute of limitations bars prosecution. *United States v. Sepe*, 474 F.2d 784, 788 (5th Cir. 1973), *aff'd*, 486 F.2d 1044 (5th Cir. 1973) (en banc).

The Appellant in this case, conceding his limited right to appeal following a plea of *nolo contendere*, challenges the sufficiency of the indictment. An indictment is sufficient if it contains the essential elements of the offense so that it fairly informs the defendant of the charge against him and if it adequately enables the defendant to be protected against further prosecution for the same offense. *United States v. Goodman*, 605 F.2d 870, 885 (5th Cir. 1979); *United States v. Welliver*, 601 F.2d 203, 207 (5th Cir. 1979). An indictment alleging a violation of 18 U.S.C. § 656 must contain four essential elements: 1) that the accused was an officer, director, agent or employee of a bank; 2) that the bank was connected in some way with a national or federally insured bank; 3) that the accused willfully misapplied the monies or funds of said bank; 4) that the accused did so with the intent to injure or defraud said bank. *United States v. Farrell*, 609 F.2d 816, 818 (5th Cir. 1980).

In the instant case, the indictment which resulted in Broome's plea of *nolo contendere* contained all four of the essential elements necessary to allege an offense under § 656.[1] The indictment has set forth the offense under § 656 with sufficient clarity and certainty to apprise Broome of the crime with which he was charged. Although an ineptly drafted indictment may rise to the level of a jurisdictional defect, *see United States v. Tallant*, 547 F.2d 1291 (5th Cir. 1977), *cert. denied*, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977), the court is not faced with such a situation in this case. The indictment sufficiently alleges the of-

fense and, thus, withstands Broome's first challenge.

Broome also contends that the alleged uncertainty as to liability under § 656 creates an exceptional circumstance allowing him to attack the factual allegations of the indictment. In support of his argument, Broome relies upon *United Brotherhood of Carpenters & Joiners of America v. United States*, 330 U.S. 395, 67 S.Ct. 775, 91 L.Ed. 973 (1947). Broome's reliance on *United Brotherhood* is misplaced. *United Brotherhood* held that individuals who had entered pleas of *nolo contendere* had a right to present a defense to Sherman Act conspiracy indictments in light of the then existing uncertainty as to the application of a particular section of the Norris–La Guardia Act to certain contracts which restrained interstate commerce. *Id.* at 412, 67 S.Ct. at 784. In the present situation, there is no such uncertainty regarding § 656. The offense under that section is not unclear or vague. Broome's allegation of uncertainty as to liability refers more to the uncertainty of his own actions as amounting to a violation of § 656. This is nothing more than an attack on the sufficiency of the evidence, which challenge he has waived by entering a plea of *nolo contendere*.

Since there are no exceptional circumstances present in this case, Broome may not challenge the factual allegations of the indictment or the sufficiency of the evidence. If Broome believed that the evidence was insufficient to convict him, he had the right to force the government to prove his guilt beyond a reasonable doubt. By entering a plea of *nolo contendere*, Broome chose to forgo that opportunity. His only other alternative, that of proving a jurisdictional defect, having failed, the judgment must be upheld.

AFFIRMED.

---

1. The additional allegation in the superseding indictment regarding the use of the loan for Broome's own benefit is an additional issue which is not necessary in order to allege a violation of § 656. *See United States v. Mann*, 517 F.2d 259, 268 (5th Cir. 1975), *cert. denied*, 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976). The fact that it was included in the present indictment has not prejudiced Broome in any way and does not render the indictment insufficient.