**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James J. TOUCHET,
Defendant-Appellant.**

**No. 80–3931
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 14, 1981.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Roland J. Mestayer, Jr., Pascagoula, Miss., for defendant-appellant.

George Phillips, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, John F. Murray, Robert E. Lindsay, Arthur L. Passar, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

James Touchet was indicted on four counts of attempted income tax evasion, for the years 1973, 1974, 1975 and 1976, in violation of 26 U.S.C. § 7201. Each count charged that the attempts were made by preparing, signing, and mailing false and fraudulent returns in which his taxable income was substantially understated.

Touchet pleaded not guilty and moved to compel the government to elect the substantive offense, on each count, with which it intended to proceed.[1] The district court denied the motion; Touchet thereafter withdrew his plea of not guilty and entered a plea of *nolo contendere*, which was accepted by the court.

Touchet was sentenced to 18 months imprisonment and fined $10,000 on count I. He was also ordered to pay the $18,078.04 tax deficiency charged in count I. Imposition of sentence was suspended on counts II, III and IV, but the court: ordered a $5,000 fine on count II and a $2,500 fine on count IV, required the payment of the tax deficiencies charged in count II ($17,745.96), count III ($3,066.60), and count IV ($7,002.28); imposed court costs; placed Touchet on probation for five years; and required that as a condition of probation Touchet pay all fines and taxes and do so prior to his release from custody.

Touchet appeals the denial of his motion to compel election and his sentence, insofar as it orders payment of taxes and makes the payment a precondition to release and a condition of probation. We affirm the conviction but remand for re-sentencing.

1. Touchet ingeniously suggests that the counts are duplicitous under Rule 8(a) of the Federal Rules of Criminal Procedure because each improperly joins offenses separately punishable under 26 U.S.C. § 7206(1) (preparation of false return), 26 U.S.C. § 7206(2) (aiding in the preparation of false return), and 18 U.S.C. § 1341 (mail fraud).

*Motion to Compel*

 Touchet argues that the indictment is fatally defective because he is charged in each count with three discrete offenses punishable under 26 U.S.C. §§ 7206(1), 7206(2), and 18 U.S.C. § 1341. We may not consider this contention. By entering a plea of *nolo contendere*, Touchet waived all non-jurisdictional defects in the indictment. As we observed in *United States v. Broome*, 628 F.2d 403 (5th Cir. 1980), "[a] defendant who enters such a plea is then limited to claiming that the indictment failed to state an offense, that the statute is unconstitutional or that the statute of limitations bars prosecution." *Id.* at 404–05 (*citing United States v. Sepe*, 474 F.2d 784 (5th Cir.), aff'd, 486 F.2d 1044 (5th Cir. 1973) (en banc)). None of the vices listed in *Broome* apply. Touchet does not contend that the indictment fails to state an offense; to the contrary, he argues too many offenses are stated. No allegation of unconstitutionality of the statute under which he is charged, 26 U.S.C. § 7201 is made. Nor is a plea of limitations raised. Touchet's complaint of improper cumulation "may not be considered by this court on appeal." *United States v. Tallant*, 547 F.2d 1291, 1295 (5th Cir. 1977). Any such complaint was waived by entry of the plea of *nolo contendere.*

*Sentencing*

 The government concedes that the case should be remanded for a re-determination of sentencing. A trial court may not condition probation upon payment of a specified sum of taxes when that sum has not been acknowledged, conclusively established in the criminal proceeding, or finally determined in civil proceedings. Touchet is entitled to litigate his civil liability; "the conditions attached to probation must be removed." *United States v. White*, 417 F.2d 89 (2d Cir. 1969) (*citing United States v. Taylor*, 305 F.2d 183 (4th Cir. 1962); *United States v. Stoehr*, 196 F.2d 276 (3d Cir. 1952)). Until there has been a definitive determination or adjudication of the amount of taxes Touchet owes, he may not be required to pay charged deficiency sums as a prerequisite of probation or as a condition for release from custody.

The conviction is AFFIRMED; the matter is REMANDED for resentencing.