UNITED STATES of America, Plaintiff-Appellee,

v.

Ralph Dewayne FRANKS and Kathrena June Franks, Defendants-Appellants.

Nos. 81–2309, 81–2310.

United States Court of Appeals, Tenth Circuit.

Dec. 27, 1983.

E.J. Ball of Ball, Mourton & Adams, Fayetteville, Ark. (Thomas D. Frasier of Frasier, Frasier & Gullekson, Tulsa, Okl., with him on brief), for defendants-appellants.

Deborah Wright Dawson, Washington, D.C. (Michael L. Paup and Robert E. Lindsay, Attys., Tax Div., Dept. of Justice, Washington, D.C., Glenn L. Archer, Jr., Asst. Atty. Gen., Washington, D.C., of counsel; Francis A. Keating, II, U.S. Atty., Tulsa, Okl., with her on brief), for plaintiff-appellee.

Before McWILLIAMS, McKAY and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

Ralph Dewayne Franks and Kathrena June Franks, husband and wife, were jointly charged in a five count indictment with criminal violations of the Internal Revenue Code. A jury convicted both defendants on all counts, and the defendants appeal the sentences imposed thereon.

Perhaps the primary ground for reversal is that there is an overlap between the five

counts in the information, and that, in effect, the defendants were prosecuted and punished more than once for the same transaction. Accordingly, the five counts in the indictment and the sentences imposed on each must be examined in detail.

Count I of the indictment charged the defendants with a violation of 26 U.S.C. § 7206(1) in connection with their joint Income Tax Return, Form 1040, for the calendar year 1974. The charge was that the defendants knowingly made and subscribed to a return which was verified by a written declaration that it was made under the penalties of perjury, which return the defendants did not believe to be true and correct as to every material matter, in that the defendants, *inter alia,* did not acknowledge or report eight foreign bank accounts in Canada and Bermuda in which they had an interest and over which they had signatory authority.

Count II related to defendants' joint income tax return for the taxable year 1975. That count also charged the defendants with violation of 26 U.S.C. § 7206(1), and the allegations therein parallel the charge in Count I. Specifically, in Count II the defendants were charged with making and subscribing to an income tax return under penalty of perjury which they did not believe to be true and correct as to every material matter, in that they, *inter alia,* did not acknowledge or report at least two foreign bank accounts in which they had an interest and over which they had signatory authority.

Count III charged the defendants with willfully and knowingly attempting to evade and defeat the income tax due and owing the United States for the calendar year 1974. More specifically, in Count III the defendants were charged with filing a false and fraudulent joint income tax return wherein it was stated that their taxable income for the year was $140,332.83, with a tax thereon amounting to $53,239.27, whereas, in fact, their taxable income for the year was $516,682.83 upon which a tax in the sum of $283,013.86 was due and owing, in violation of 26 U.S.C. § 7201.

Count IV concerned the defendants' joint income tax return for 1975. This count also charged a violation under 26 U.S.C. § 7201. The charge under this count was that the defendants knowingly attempted to evade and defeat tax due and owing the United States by filing a false and fraudulent return wherein it was stated that their taxable income for 1975 was $2,899.56, with a tax thereon amounting to $198.62, whereas in fact their joint income for that year was $153,760.50 upon which tax in the amount of $65,576.15 was due and owing.

Count V pertains to a joint amended income tax return filed November 26, 1974. It charged a violation of 26 U.S.C. § 7206(1). Specifically, the defendants were charged with knowingly making and subscribing to an Amended United States Individual Income Tax Return, Form 1040X, which was under the penalty of perjury and which they did not believe to be true and correct as to every material matter in that, although they indicated that they had an interest in and authority over certain identified foreign bank accounts, they did not acknowledge or report four other foreign bank accounts in which they had an interest and over which they had signatory authority.

As stated, both Mr. and Mrs. Franks were convicted on all five counts, and each received the same sentences. Each was sentenced to eighteen months imprisonment on Counts III and IV, the two counts which charged violations of § 7201 for the years 1974 and 1975, respectively, with the sentence on Count IV to be served concurrently with the sentence imposed on Count III. Further, each defendant was fined $10,000 on each count.

As to Counts I, II, and V, the counts charging a violation of § 7206(1), the imposition of sentence was suspended, and the defendants were placed on probation for a period of three years. Further, on each of these three counts, as a condition of probation, each defendant was fined $5,000.

As an additional and special condition of probation, each of the defendants was ordered "to make restitution to the United

States in the amount of $100,000, payable in three (3) equal installments, due on the last day of each year of probation." It is from these sentences that the defendants appeal.

Mr. and Mrs. Franks, residents of Big Cabin, Oklahoma, had numerous business interests in which both were actively involved. During the period in question, 1974 and 1975, the Franks owned the Cherokee Truck Terminal, Inc., a domestic corporation; the Cherokee Restaurant, a domestic corporation; Franks and Son, a domestic corporation; Franks Operating and Distributing Co., a partnership; and Can Am Distributing and Warehouse, Inc., a trucking concern in which the Franks were 50% owners and officers and directors from May 1973 to May 1974. In 1973, the Franks entered into a new business selling and brokering oil field drilling pipe and couplings. This business was conducted as individuals and on behalf of Franks and Son, Cherokee Truck Terminal, and Can Am Distributing and Warehouse, Inc. The Franks also owned Franco, Ltd., a Bermuda corporation, the stated business of which was brokering oil and drilling pipe supplies.

The Franks had an interest in or signatory authority over a total of eight foreign bank accounts during 1974 and 1975, which included banks in Canada and Bermuda. The net deposits in these accounts totalled $3,770,723.09 in 1974 and $1,666,724.73 in 1975.

## I. Motion to Strike

Prior to trial, the defendants filed a motion to strike all references in Counts I, II, and V relating to foreign bank accounts and their alleged failure to report and identify the existence of such. This motion was denied, and, on appeal, the defendants argue that the ruling of the trial court is reversible error. We do not agree.

The defendants' argument is that the question on the 1974 income tax return concerning the existence of foreign bank accounts, and Form 4683, which form was used and completed by the defendants in their amended tax return for 1974 and their return for 1975, are not authorized by any statute in the Internal Revenue Code, nor by any regulation promulgated by the Internal Revenue Service. In this regard, the defendants correctly point out that the authority for requiring a report of foreign bank accounts is 31 U.S.C. § 1121, which deals with Money and Finance, and that it was the Secretary of the Treasury who promulgated a regulation, 31 C.F.R. § 103.-24, requiring a person to report foreign bank accounts on his federal tax return. However, we do not believe that such fact has any present pertinency. In thus arguing, the defendants rely heavily on *United States v. Levy,* 533 F.2d 969 (5th Cir.1976). We are not persuaded by *Levy.*

Counts I, II, and V of the indictment charged, in essence, that the two defendants knowingly made and subscribed to an income tax return for the years 1974 and 1975 and to an amended income tax return for the year 1974, which they did not believe to be true and correct as to every material matter, in that they failed to correctly identify foreign bank accounts in which they had an interest in and over which they had signatory authority. In this regard, the defendants in 1974 filed a Form 1040, which form contained the following question: "Did you, at any time during the taxable year, have any interest in or signature or other authority over a bank, securities, or other financial account in a foreign country (except in a U.S. military banking facility operated by a U.S. financial institution)?". The defendants answered that question "No." The evidence was that in fact they did have such interests in 1974.

The amended return for 1974, filed in November 1975, was filed for the stated purpose of correcting their earlier answer concerning foreign bank accounts contained in their original tax return for 1974. Attached to their amended return was a Form 4683 which was required in the event the taxpayer had foreign banking interests. In this particular connection, the evidence at trial was that this Form 4683 filed by the defendants did not list *all* of their foreign accounts over which they had control.

Similarly, as concerns their 1975 tax return, the defendants again attached to their personal income tax return a completed

Form 4683, which listed some, but not all, of their foreign bank accounts.

Like the Fifth Circuit, in cases decided subsequent to *United States v. Levy, supra,* we do not believe the rationale of *Levy* should be extended, and, in our view, such does not apply to the schedules here appended to a Form 1040, or to an answer made in response to a question contained in the Form 1040. *United States v. Damon,* 676 F.2d 1060 (5th Cir.1982); *United States v. Taylor,* 574 F.2d 232 (5th Cir.), *cert. denied,* 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978); *accord, United States v. Hajecate,* 683 F.2d 894 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2086, 77 L.Ed.2d 298 (1983). In the instant case, it is clearly established that the defendants in their 1974 tax return gave a false answer to a direct question concerning their interest in foreign bank accounts, and that they attached to their amended tax return for 1974 and their tax return for 1975 a completed Form 4683 which did not identify *all* of the foreign bank accounts over which they had signatory authority. Such, in our view, comes within the purview of 26 U.S.C. § 7206(1). The district court did not err in denying defendants' motion to strike.

### II. Motion to Elect

▪ Prior to trial, the defendants also asked that the government be required to elect between prosecuting the defendants on Counts I and II, charging them with violation of 26 U.S.C. § 7206(1), or prosecuting them on Counts III and IV, charging them with violation of 26 U.S.C. § 7201. The district court denied the motion, and this ruling is now assigned as error. We find no error.

Counts I and II are not, as the defendants suggest, duplicative of Counts III and IV. The latter counts charge the defendants with an attempt to evade tax due the United States for the years 1974 and 1975. The former counts charge, *inter alia,* the defendants with subscribing to a tax return for the years 1974 and 1975 wherein they knowingly failed to identify foreign bank accounts which they owned. Counts III and IV are not identical to Counts I and II.

For reasons that we shall discuss *infra,* Counts I and II are not, in our view, even lesser included offenses to Counts III and IV. But even if they were, such would not require an election. *United States v. White,* 417 F.2d 89 (2nd Cir.1969) and *United States v. Lodwick,* 410 F.2d 1202 (8th Cir.), *cert. denied,* 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92 (1969).

### III. Pyramiding Sentences

Defendants claim that even assuming there was no "double prosecution" resulting from the refusal of the district court to compel the government to elect between prosecuting the defendants on Counts I and II, or on Counts III and IV, there was nonetheless a "pyramiding" of sentences when the district court imposed separate and additional sentences on Counts I, II, III, and IV. We disagree.

The government agrees that *if* Counts I and II were truly lesser included offenses to the offenses charged in Counts III and IV, then the imposition of cumulative penalties on all four counts would be impermissible. *United States v. White, supra; United States v. Lodwick, supra;* and *Gaunt v. United States,* 184 F.2d 284 (1st Cir.1950), *cert. denied,* 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662 (1951). In this regard, the Second Circuit in *White* observed as follows:

> The perjury offenses charged under § 7206 may separately form the basis for an indictment; but where proof of wilfully attempted evasion under § 7201 also proves, as an incident to the wilful evasion, the preparing and subscribing of a fraudulent return, the specific form of fraudulent conduct merges into the inclusive fraud charged under § 7201. To cumulate penalties beyond the maximum authorized by § 7201 is, therefore, improper under these circumstances.

The government contends, however, that under the facts of this particular case, Counts I and II are not lesser included offenses to Counts III and IV. We agree. Counts III and IV charge an attempt to defeat the payments of taxes due the United States by filing false and fraudulent tax

returns for the years 1974 and 1975, which substantially understated taxable income in violation of 26 U.S.C. § 7201. The charge in Counts I and II is that the defendants made and subscribed to tax returns for 1974 and 1975, which they did not believe to be true and correct as to every material matter in that they did not correctly identify the existence of foreign bank accounts which they controlled, in violation of 26 U.S.C. § 7206(1). A misrepresentation of foreign bank account information is distinct and independent from an understatement of gross income. Failure by the taxpayer to identify an interest in a foreign bank account does not necessarily mean that the taxpayer understated his gross income. There was no double sentencing.

IV. Special Condition of Probation

■ As above stated, the district court placed both defendants on probation for three years as concerns their respective convictions on Counts I, II, and V. Certain conditions were imposed in connection with such probation, as well as a so-called "special condition." The special condition was that each defendant was required to make "restitution" to the United States for unpaid taxes in a total amount of $100,000 each, payable in three equal installments, due on the last day of each of the three years of probation. The authority for such special condition was apparently 18 U.S.C. § 3651.

The defendants claim that the figure of $100,000 was arbitrarily set by the court, and that there was no factual determination made at the trial of this case of the amount of tax that the defendants might owe the United States. The government is in substantial accord with the defendants on this particular matter. In a criminal prosecution for violations of the Internal Revenue Code, a defendant may not be required as a special condition of probation to pay a specific sum for unpaid taxes when the amount thereof has not been acknowledged, conclusively established in the criminal proceeding, or finally determined in civil proceedings. *United States v. Touchet,* 658 F.2d 1074 (5th Cir.1981); *United States v. Weber,* 437 F.2d 1218 (7th Cir.1971); *United States v. Stoehr,* 196 F.2d 276 (3rd Cir.), *cert. denied,* 344 U.S. 826, 73 S.Ct. 28, 97 L.Ed. 643 (1952); and *United States v. Taylor,* 305 F.2d 183, 187 (4th Cir.), *cert. denied,* 371 U.S. 894, 83 S.Ct. 193,.9 L.Ed.2d 126 (1962). The special condition must be vacated.

V. Miscellaneous

■ At trial, the defendants' position was that although they had misrepresented their foreign bank account information, such misrepresentation was not willful. Apparently, in an effort to establish their ignorance of, and confusion about, foreign bank account reporting requirements, counsel offered evidence relating to the "history" of Form 4683 and Form 90–22.1. Such evidence was excluded by the trial court for lack of materiality. We find no abuse of discretion on the exclusion of this evidence. The materiality of such is doubtful. See *United States v. Brown,* 411 F.2d 1134, 1137 (10th Cir.1969), and *United States v. Cohen,* 481 F.2d 840 (8th Cir.1973).

■ Finally, the defendants assign as error a ruling of the trial court concerning the bank accounts of Franco, Ltd., located in Bermuda and Montreal, Canada. Franco, Ltd. was one of the numerous businesses owned by the defendant. Prior to trial and pursuant to agreement of counsel, the district court ruled that the government would not present evidence of Franco's net income for the purpose of imputing such to the defendants. At trial, however, the district court did allow the government to present evidence of Franco's gross deposits in these accounts for the purpose of showing specific monies received by defendants from Franco. Such, in our view, did not violate the earlier pretrial order concerning Franks' net income. In any event, when viewed in the context of a seven-day trial, this particular matter is of the *de minimus* variety.

That part of the judgment which imposed the special condition of probation requiring the payment by each defendant of $100,000 to the United States as restitution is vacated, and, on remand, the district court is directed to eliminate such from its Judgment and Probation/Commitment Order. Otherwise, the judgments are affirmed.