**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Nelson E. WEBER, Defendant-Appellant.**

**No. 18380.**

United States Court of Appeals, Seventh Circuit.

Feb. 17, 1971.

Rehearing Denied March 8, 1971.

Anna R. Lavin, Chicago, Ill., for defendant-appellant Nelson E. Weber; Edward F. Casey, Springfield, Ill., of counsel.

Frank J. Violanti, U. S. Atty., J. William Roberts, Asst. U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and PELL, Circuit Judges.

CUMMINGS, Circuit Judge.

In July 1964, defendant pled guilty to a three-count indictment charging him with filing fraudulent income tax returns in 1958, 1959, and 1960, in violation of 26 U.S.C. § 7201. In August 1964, he was ordered to pay a $5,000 fine on each count, together with costs. The imposition of any sentence of imprisonment was suspended, and he was placed on probation for three years. In addition to compliance with the usual conditions of probation, the district court imposed the following:

"Probationer is to pay court costs in the amount of $35.00 and a total fine of $15,000.00 (fined $5,000 on Count I, $5,000 on Count II and $5,000 on Count III) within 60 days. Payments are to be made by certified check or money order, payable to William J. Littell, Clerk, U. S. District Court, Federal Building, Springfield, Illinois.

"Probationer is to make settlement in full with the Internal Revenue Service for taxes owed for the calendar years 1958 through 1960, inclusive, including any legal penalties and interest, within the probation period. Probationer has the full right without any prejudice to this judgment entered to fully and completely and without restriction contest any tax and defend against any taxes that may be improperly taxed against him."

Defendant ultimately paid the fines and court costs. At the suggestion of the probation officer, the probationary period was extended until August 25, 1969, in order to give defendant additional time in which to settle his tax liabilities, which had been assessed in the amount of $176,703.46 for the period in question.

On August 14, 1969, the probation officer reported to the district court that defendant

"has filed an alleged false [$10,000] offer in compromise on his tax liabilities in that: he filed a false Statement of Financial Condition; he has failed to cooperate with Internal Revenue Agents in their attempts to ascertain whether he has secreted assets. The Collection Division of Internal Revenue ascertained that Weber rented three safety deposit boxes, and subsequently that Division seized them on April 14, 1969. Since then the Collection Division has attempted to obtain voluntary permission from Weber to inventory the seized safety deposit boxes, which permission has not been obtained."[1]

Accordingly, the probation officer requested that an arrest warrant be issued and defendant brought before the court to show why his probation should not be revoked. Subsequently, the district court held three days of hearings, at which defendant refused to testify, culminating in a February 3, 1970, general finding that defendant had violated the terms and conditions of his probation order. Thereupon the court imposed concurrent sentences of eighteen months' imprisonment on each of the three counts.

---

1. At the oral argument, we were told that when opened, the safety deposit boxes contained nothing of interest to the Internal Revenue Service.

Three days thereafter, defendant's counsel requested the court to find the facts specially, pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure. On February 11, 1970, the notice of appeal was filed, and six days thereafter, the district court entered an order that a hearing for revocation of probation does not fall within contemplation of said Rule and denied the motion for special findings of facts.

■ Defendant first argues that settlement of tax liabilities for the three years covered by the indictment is not a legitimate condition of probation. In United States v. Steiner, 239 F.2d 660, 661 (7th Cir. 1957), we held that the probationer who had accepted probation on condition that he make every effort to pay his tax liability to the United States without challenging that condition on direct appeal was foreclosed from attacking the condition on his subsequent appeal from the order revoking probation. Even apart from any such foreclosure, however, we cannot accept this defendant's challenge to the tax settlement condition of his probation.

The applicable statute provides in part:

> "Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

> \* \* \* \* \* \*

> "While on probation and among the conditions thereof, the defendant—

> \* \* \* \* \* \*

> "May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by

the offense for which conviction was had \* \* \*." 18 U.S.C. § 3651.

As we pointed out in *Steiner,* the first paragraph of this statute empowers a district court to "place the defendant on probation for such period and upon such terms and conditions as the court deems best." Chief Justice Hughes ruled in Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266, that the Federal Probation Act "confers an authority commensurate with its object and grants an exceptional degree of flexibility to a trial judge," permitting him to exercise a broad discretion in imposing conditions of probation. Even if it were not authorized by the generality of the first paragraph of the Act, the restitution clause itself permits a trial court to condition probation on the payment of all federal income taxes finally determined to be due for the years involved. United States v. Stoehr, 196 F. 2d 276, 284 (3d Cir. 1952), certiorari denied, 344 U.S. 826, 73 S.Ct. 28, 97 L.Ed. 643. As stated in United States v. Taylor, 305 F.2d 183, 187 (4th Cir. 1962), certiorari denied, 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126, restitution to the government is limited by that clause to those taxes that "are legally determined during the probational period to be owing and collectible." Defendant does not contest the validity of the assessment of the taxes, interest and penalties due as totaling approximately $200,000. He has made no showing whatsoever that the trial judge abused his discretion in imposing the tax payment as a condition to probation.

■ Defendant also asserts that the district judge was required to find the facts specially under Rule 23(c) of the Federal Rules of Criminal Procedure. This request was not made until several days after the general finding that defendant had violated the conditions of the probation order.[2] Assuming, *arguendo,* the timeliness of defendant's request, Rule 23(c) is inapplicable. Rule

---

2. Special findings of facts are to be entered at the same time as the general finding.

Benchwick v. United States, 297 F.2d 330, 335 (9th Cir. 1961).

23(c) governs bench trials where a jury has been waived and where a general finding of guilty or not guilty will result. 8 Moore's Federal Practice, § 23.-05 (1970); Barron & Holtzhoff, Federal Practice and Procedure, § 2124 (Rules Edition). In such instances Rule 23(c) is mandatory upon a request for special findings of facts. United States v. Morris, 263 F.2d 594 (7th Cir. 1959). The district judge correctly concluded here that a probation revocation hearing is not such a trial, so that Rule 23(c) is inapplicable. See Burns v. United States, 287 U.S. 216, 222, 53 S.Ct. 154, 77 L.Ed. 266; cf. United States v. Koury, 319 F. 2d 75, 77 (6th Cir. 1963); United States v. Taylor, 321 F.2d 339, 342 (4th Cir. 1963).

■ Defendant next attacks the admission of Government Exhibit 36, which is a certificate of the Commissioner of Public Debt that 13 specified $5,000 treasury notes, allegedly owned by defendant, were still outstanding on October 23, 1969, a week before the commencement of the hearing below. The Government now concedes that this document should not have been admitted if Rule 44 of the Federal Rules of Civil Procedure is applicable. However, a revocation hearing is an informal proceeding where rules of evidence need not be strictly observed. United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968). In this hearing without a jury, it will be presumed that the district judge accorded only appropriate weight to this exhibit. Nothing contra was introduced by defendant.

■ Even disregarding that exhibit, there is ample evidence to support the revocation of defendant's probation. Defendant concededly had six life insurance policies in the total amount of $8,-000 although he advised the Government on February 17, 1967, that he had no such policies. At the same time, he neglected to state that his sole proprietorship did banking business with the Bank of St. Louis. The Government traced $65,000 in government notes to defendant even though they were purchased in company names. Those notes had also been omitted from the financial statement defendant submitted to the Government on February 17, 1967, when he endeavored to compromise his $200,000 tax liabilities for $10,000.[3] Defendant did not deny continuing ownership of the notes during the revocation hearings despite the reiterated importuning of the trial judge. As to three of those notes, a St. Louis banker testified that after he exchanged them for a new series, defendant complained that the transaction had been run through his sole proprietorship's account and should be deleted.

In an effort to avoid the ownership of the notes, defendant relies on Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476. There the Court concluded that a presumed continuance of possession from the time of bankruptcy to the time of the turnover order is not an absolute and that the bankrupt should be permitted to challenge the previous adjudication of possession. Although the Court decided that he should be permitted to establish lack of present possession, it held that he would "not meet the issue" by standing mute. 333 U.S. at p. 75, 68 S.Ct. 401. Here defendant offered no evidence to rebut the inference of present possession, so that Maggio is of no avail.

To upset a revocation of probation, there must have been an abuse of discretion on the part of the trial judge. Burns v. United States, 287 U.S. 216, 222, 53 S.Ct. 154, 77 L.Ed.2d 266. Here the deceitful conduct of defendant evinced lack of reform and amply supported the commitment judgment imposed for failure to comply with the tax "settlement in full" condition of the probation that had been accorded defendant.

Affirmed.

---

3. The trial judge characterized a 1964 mortgage on defendant's residence as an attempt "to further build up the picture of having no assets."