**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William J. McDONOUGH,
Defendant-Appellant.**

**No. 78–1279.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 22, 1979.

Decided July 16, 1979.

Raymond D. Pijon, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., Charles B. Sklarsky, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL, Circuit Judge, MARKEY, Chief Judge,* and WOOD, Circuit Judge.

PELL, Circuit Judge.

The defendant, William J. McDonough, appeals from the judgment following his conviction by a jury on four counts of knowingly making false withholding claims in violation of 26 U.S.C. § 7205. The major issue raised by the defendant on appeal concerns the sufficiency of the proof of venue in the Northern District of Illinois. The defendant also raises evidentiary issues

* Chief Judge Howard T. Markey of the United States Court of Customs and Patent Appeals is sitting by designation.

and challenges the sentence imposed, particularly the conditions of probation.

The first count of the information charged that in May 1974, the defendant fraudulently claimed 32 withholding exemptions while working for Arthur G. McKee & Co. of Chicago, Illinois. The second and fourth counts respectively charged the defendant with fraudulently claiming 36 and 22 withholding exemptions in 1974 and 1975 while working at Jacobs Engineering Co. in Chicago, Illinois. Finally, the third count charged the defendant with fraudulently claiming 45 withholding exemptions in 1975 while employed at Salem Engineering Corp. in Oak Brook, Illinois. The jury found the defendant guilty on all four counts.

At trial the Government introduced the testimony of Louis Neuchterlein, the Special Internal Revenue Service Agent who investigated the defendant's case. It was shown, upon the basis of the IRS investigation, that the Service had concluded that McDonough was entitled to 10 exemptions from withholding in 1974 and 4 in 1975. The Government concedes on this appeal that it was established on cross examination that the investigation was based in large part on indirect, speculative, and conclusory information. Indeed, the agent admitted at one point that he could not positively say that he had identified each and every exemption to which McDonough may have been entitled. The defendant's sufficiency claim is primarily based upon the inadequacies of the proof of the withholding allowances to which he was legally entitled for the years in question.

At trial the Government introduced copies of IRS records for 1974 and 1975 showing that McDonough filed no return and paid no taxes in those years. The defendant argues that the introduction of these records violated the Fifth Amendment. The defendant's final argument on appeal challenges the propriety of the conditions of probation imposed by the trial court.

Turning first to the alleged failure of the Government to prove that venue lay in the Northern District of Illinois, the defendant has not objected to the Northern District as the site for the trial, nor, indeed, that there was not proper venue here, but he has merely challenged the sufficiency of the Government's evidence showing that the offense was committed in the District. Although not conceding that the evidence was insufficient to prove venue, the Government urges that the defendant waived this objection.

■ At the close of the Government's case, the defendant filed a written "Motion for Directed Verdict and Acquittal," asking that the court "direct a verdict of acquittal based upon the evidence introduced during the government's case." When the written motion was submitted, the court inquired orally of the defense:

Well, do you have anything specifically you want to call my attention to that the government might have overlooked and therefore would justify a directed verdict?

The defendant raised three specific grounds at that time: a discrepancy between the terminology of the information and the statute, the possibility of error in the Government's calculations, and the failure of the Government to make a showing of fraudulent intent. These grounds were argued to the court with a fairly detailed oral discussion of the evidence by defense counsel. No mention of venue was made at the time. The defendant then rested his case without presenting any evidence. The Government argues that when the defendant argued these specific grounds for acquittal, he waived his right to object to venue. We agree with the Government and do not deem it necessary to express a view on the sufficiency of the evidence of venue.

In his original brief, McDonough addressed himself only to the asserted lack of evidence to establish venue. The Government responded to this argument but also argued that there had been a waiver barring raising the question in this court. The Government did point out in its brief that this circuit in *United States v. Jones*, 174 F.2d 746 (7th Cir. 1949), followed by *United States v. Browne*, 225 F.2d 751 (7th Cir. 1955), had held that a general motion for

acquittal, made at the conclusion of all of the evidence properly raises and preserves the question of venue for appeal.[1] The defendant filed no reply brief.

The Second Circuit, citing *Jones* and *Browne*, recognized the same rule in *United States v. Gross*, 276 F.2d 816, 818–19 (2d Cir. 1960), *cert. denied*, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525, but then proceeded in further discussion to the confinement of the rule essentially to the scope of its particular facts. The court pointed out that perhaps the bundle of legal principles grouped under the term "waiver" should more accurately be described as election and then cited various situations in which the defendant could have been said to have elected not to raise the question of venue. One of those situations was where the defendant had specified the grounds for a motion for acquittal but omitted mention of improper venue. *Id.* at 819. Later, the Second Circuit further elaborated on the specification of grounds as "an indication that counsel has evaluated the record and has these particular reasons for his motion," in which case the objection to venue is waived. *United States v. Rivera*, 388 F.2d 545, 548 (2d Cir. 1968). Indeed, *Jones* itself indicated "that the defendant is not required to go over the proof [of venue] for the benefit of the Government or the court, *in the absence of some request for more specific information.* [Emphasis added.] 174 F.2d at 748.

While we have some question about the continued viability of the *Jones* rule, we do not on the facts of the present case need to consider whether it should be overruled. In the case before us, while McDonough did file a written motion for acquittal in which he raised only a question of sufficiency of the evidence, the matter did not stop there. As previously noted, herein, the court asked counsel if he had "anything specifically . . . that the government might have overlooked and therefore would justify a"

directed acquittal. While we will not disturb at this time the *Jones* rule we see no reason for extending it beyond its own narrow factual predicate. Whether it is called waiver or election, the failure to urge the matter when asked to be specific forecloses, in our opinion, raising the question on this appeal.

■ Venue is different from other evidentiary issues raised at the time of the motion for acquittal. The Constitution makes proof of venue a part of the Government's case, but the defendant may waive this right. It is not an essential fact constituting the offense charged, *Carbo v. United States*, 314 F.2d 718, 733 (9th Cir. 1963), *cert. denied*, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964), and need only be proved by a preponderance of the evidence. *United States v. Lisowski*, 504 F.2d 1268, 1273 (7th Cir. 1974); *United States v. Aldridge*, 484 F.2d 655, 659 (7th Cir. 1973), *cert. denied*, 415 U.S. 921, 922, 94 S.Ct. 1423, 39 L.Ed.2d 477 (1974).

■ The defendant would have us interpret the *Jones* rule as giving the defendant the right to conceal possible reversible error, even in the present circumstances when the grounds for objection would have been apparent or easily discovered. The Government has a lesser burden of proof on this issue, and failure to establish that the offense was committed in the district will frequently be the result of inadvertence or neglect. In the absence of a showing of prejudice to the defendant, the trial court would be well within its discretion in reopening the Government's case to admit proof of venue. Fed.R.Evid. 611(a); *Maggard v. Wainwright*, 432 F.2d 941, 942 (5th Cir. 1970) (per curiam), *cert. denied*, 402 U.S. 946, 91 S.Ct. 1639, 29 L.Ed.2d 116 (1971); *Morgan v. United States*, 380 F.2d 686, 703 (9th Cir. 1967), *cert. denied*, 390 U.S. 962, 88 S.Ct. 1064, 19 L.Ed.2d 1160. *See United States v. Papia*, 560 F.2d 827, 848–49 (7th Cir. 1977).

1. We are here dealing only with the situation in which the Government is claimed to have failed to prove venue during the trial. If the fact of improper venue is apparent on the face of the indictment, it has been uniformly held that the objection is waived if not presented before the close of the Government's case and perhaps if not presented before commencement of the trial. *United States v. Bohle*, 445 F.2d 54, 59–60 (7th Cir. 1971).

We decline to let what could be nothing more than gamesmanship compromise the fundamental purpose of the trial to determine the merits of the charges.

We next turn to the defendant's objection to the introduction of IRS records showing that he neither filed a return nor paid taxes in the years 1974 and 1975. The defendant filed 1040 forms for the years 1974 and 1975 containing only his name, address, and filing status. All questions pertaining to the computation of taxes were objected to on the basis of the Fourth or Fifth Amendment. Enclosed with the forms were affidavits alleging that McDonough had no income and owed no taxes and an extensive collection of newspaper clippings, court cases, and testimony intended to show that the Federal Reserve System, the monetary system, and the tax system were unconstitutional. The trial court did not admit these forms into evidence. The court, however, did admit IRS records for these years showing that the defendant filed no returns. The testimony showed that for purposes of IRS recordkeeping, forms containing insufficient information to compute the tax were not considered returns. The defendant argues that introduction of these records violated the Fifth Amendment, relying on *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). *Garner*, however, does not support the defendant's argument. *Garner* merely says that the Fifth Amendment privilege may be asserted in a tax return, but does not suggest the proper method for doing so.

■ The decision of this court in *United States v. Jordan*, 508 F.2d 750 (7th Cir. 1975), *cert. denied*, 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62, is dispositive of the defendant's argument. *Jordan* held that filing a 1040 form containing insufficient information to compute the tax subjected a taxpayer to prosecution under 26 U.S.C. § 7203 for failure to file a return. *Jordan* also held that a blanket assertion of the Fifth

Amendment privilege on the 1040 form did not properly invoke the protection of the Amendment. The Government's substantial interest in collecting the revenue precludes the assertion of the privilege to every question asked, "most of which are innocuous on their face." 508 F.2d at 752 (quoting *United States v. Daly*, 481 F.2d 28, 30 (8th Cir. 1973)), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469. The improper assertion of the Fifth Amendment privilege on the 1040 form in *Jordan* did not preclude a prosecution for failure to file a return. The mere introduction of the IRS records showing failure to file in this case similarly does not violate the Amendment.

■ The defendant raises a related argument that introduction of the IRS records showing failure to file and failure to pay any tax was improper because they were not relevant to the crimes charged. This argument is without merit. Both the failure to file a return and the failure to pay taxes show a general motive to avoid taxes which makes it more likely that the defendant willfully filed fraudulent withholding exemption claims. Use of evidence of other crimes or wrongs is proper for this purpose. Fed.R.Evid. 404(b).

■ The defendant also argues that the evidence against him was insufficient to support the jury's verdict. In support of this argument, the defendant's brief analyzes at length the weaknesses in the testimony of IRS Agent Neuchterlein, who conducted the investigation of the defendant.[2] The defendant's argument can be summarized, however, as an assertion that the Government failed to prove beyond a reasonable doubt the number of exemptions to which the defendant actually was entitled. The defendant says in his brief that:

> [b]y claiming that a false statement was filed, the task is undertaken by the government to show that another circumstance is true, thus contradictory to the questioned statement.

---

2. Because the defendant made no objection at trial, any challenge to the testimony as hearsay is not properly before this court. *See United*

*States v. Kopel*, 552 F.2d 1265, 1274 (7th Cir. 1977), *cert. denied*, 434 U.S. 970, 98 S.Ct. 520, 54 L.Ed.2d 459.

This argument misstates the Government's burden. Of course, one of the elements the Government must show to establish a violation of 26 U.S.C. § 7205 is that the information given was false or fraudulent. *United States v. Quilty*, 541 F.2d 172, 175 (7th Cir. 1976). Proof of falsehood does not, however, require a showing of what is true. The evidence in this case contains many reasonable inferences that the information given by the defendant was untrue. The testimony of the IRS agent, together with the other evidence, was sufficient for the jury reasonably to conclude beyond a reasonable doubt that the information was false. That the agent's testimony did not establish beyond a reasonable doubt that the defendant was entitled to a certain number of exemptions is immaterial.

Viewed in the light most favorable to the Government, the evidence showed the defendant to be a man obstinately opposed to paying federal taxes. For example a W-4 form signed by the defendant in 1975 claimed 45 exemptions "plus several million recipients of taxpayer largesse foreign & domestic, not claimed at this time, nor previously claimed." A witness testified that the defendant admitted that he believed it was unfair for people to have to pay taxes. The evidence also showed that the number of withholding exemptions claimed increased from 32 to 45 as the defendant's income increased. Between the years 1973 and 1974, the number of exemptions claimed increased remarkably from 5 to 32. As we have already noted, evidence was also introduced to show that the defendant neither paid taxes nor filed a return in the years at issue in the indictment. Finally, the evidence showed without objection that to justify additional withholding allowances based on itemized deductions to arrive at a total of 45 withholding allowances on a W-4, an individual would have to anticipate $30,750 of itemized deductions, yet the defendant's total gross wages for that year were approximately $25,000. The defendant's argument fails to take into account the effect of this evidence as corroborating the agent's testimony. The evidence is sufficient to support the jury's finding that the defendant was not entitled to the number of exemptions claimed, and that these false claims were willfully made.

The defendant's final argument on appeal concerns conditions of his probation. The first of the allegedly objectionable conditions requires him to file corrected income tax forms for past years, the current year, and future years. The other allegedly objectionable condition requires the defendant to pay any taxes determined to be owing. The governing statute gives the trial court "an exceptional degree of flexibility," *Burns v. United States,* 287 U.S. 216, 220, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932), to impose probation " . . . upon such terms and conditions as the [court] deem best." 18 U.S.C. § 3651. This court will review the actions of the district court only for an abuse of discretion. Neither condition is overly vague. As the Government has noted in its brief, it is quite clear that the defendant understands that the trial court referred in its order to payment of federal income taxes, because the defendant has said in his brief that the trial court was obviously concerned about the defendant owing taxes as the result of not filing 1040 returns. Furthermore, this court has already ruled that, under the restitution clause of section 3651, payment of taxes is a proper condition of probation, *United States v. Weber,* 437 F.2d 1218 (7th Cir. 1974), *cert. denied,* 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430. Although the crime at issue in *Weber* was the filing of fraudulent returns, we fail to see why paying taxes and filing corrected returns are not proper here, because the crime charged similarly resulted in nonpayment of taxes. Although the extent of the tax payment period is not expressly set forth in the probation order the restitutional nature of the tax payment requirement limits payment to the years involved in the information. *Weber, supra,* 437 F.2d at 1220. In contrast, the filing requirement set forth in the first condition of probation is authorized by the general powers given in section 3651. The court thus properly extended this condition into the future to cover the entire probation period. Finally, the defendant cannot challenge the filing requirement in

the probation order under the Fifth Amendment until he properly invokes these protections. As we have already noted, this privilege is properly invoked when the required forms are filed. The privilege does not give the defendant the right not to file at all, and the condition was therefore within the discretion of the trial court.

In sum, we not only decline to disapprove of the conditions imposed on probation but affirmatively approve of those conditions. We recognize the sincerity of many people who object to taxes which they regard as excessive, this often being in tandem with a sincerely held belief that the excessiveness has resulted from governmental expenditures on needless matters, such as those which have sometimes been characterized as alphabetterments. The continued existence of our Government is vitally keyed to the continuing payment on a quasi-voluntary basis by its citizens of the wherewithal for its functioning. The democratic form of government which we have provides proper means for curbing excessive governmental expenditures, one of which is not the procedure resorted to by the defendant in the present case.

For the above reasons, the judgment of the district court is affirmed.