**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jeffrey L. GREEN, Defendant-Appellant.**

**No. 83–5243.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 1984.

Decided June 26, 1984.

Alan Rubin, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Yolanda Barrera Gomez, Los Angeles, Cal., for defendant-appellant.

Before WRIGHT, FERGUSON, and REINHARDT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Green appeals from the district court's orders revoking his probation and denying his motion to correct an illegal sentence. He contends that (1) the conditioning of his probation on the payment of back taxes rendered his original sentence illegal and (2) the district court abused its discretion by revoking his probation.

In September 1981, Green pleaded guilty to one count of failing to file income tax returns for the years 1975–1977 in violation of 26 U.S.C. § 7203. He received a one-year suspended sentence and three years probation, one condition of which was that Green pay all taxes due and owing.

In May 1982, IRS Agent Peters first called Green concerning an audit for the tax years 1974–1977. He asked that Green meet him and discuss the amount owed. Green said that after he spoke to his attorney he would arrange an appointment. Having heard nothing from Green or his attorney for a week, Peters wrote to Green that the IRS wanted to close the audit and that he had until May 21, 1982 to submit any relevant information.

Green did not respond to the letter. Instead his attorney called Peters with an assurance that the requested information would be forthcoming. Despite repeated assurances over the next few months, Green neither supplied information nor arranged to meet with Peters.

In August 1982, Peters concluded the audit in a non-agreed status and sent a copy to Green. On May 31, 1983, Peters met with Green and his tax advisor and Green signed the standard audit form, Form 870, agreeing to Peters' determination of his tax liability.

A month later, the Government charged Green with violating the conditions of his probation by being convicted of driving under the influence of alcohol and by failing to pay his back taxes. Green admitted both charges.

The district court, after a hearing, revoked Green's probation and ordered him to serve the sentence. Revocation was based on his nonpayment of back taxes. Green's motion to correct the sentence was denied.

ANALYSIS

I. Conditioning Probation on the Payment of Back Taxes

The Federal Probation Act provides that as a condition of probation a defendant "[m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." 18 U.S.C. § 3651. In criminal tax cases, a district court may rely on § 3651 to condition probation on the defendant's restitution of his outstanding tax liability. *See United States v. Merritt*, 639 F.2d 254, 256 (5th Cir.1981); *United States v. McDonough*, 603 F.2d 19, 24 (7th Cir.1979); *see also United States v. Pierce*, 561 F.2d 735, 743 n. 3 (9th Cir.1977) (Hufstedler, J., dissenting), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978).

Restitution is limited to the amounts involved in the offenses for which the defendant has been convicted, unless there is a plea agreement to a greater amount. *United States v. Orr*, 691 F.2d 431, 433–34 (9th Cir.1982). In criminal tax cases, the court may order restitution only of back taxes for the years involved in the conviction. *Merritt*, 639 F.2d at 256; *McDonough*, 603 F.2d at 24.

We might interpret the reference by the court here to "all taxes due and owing" as a reference to taxes due for the years involved in the conviction. *See McDonough*, 603 F.2d at 24. However, the court considered nonpayment of taxes for 1974 in its revocation of probation, while the conviction involved only 1975–1977.

To the extent that probation was conditioned on payment of taxes due for 1974, the court exceeded its authority. That error was so plain that we will consider it despite the parties' failure to assert it. *See Bartone v. United States*, 375 U.S. 52, 53, 84 S.Ct. 21, 22, 11 L.Ed.2d 11 (1963).

▮ When a court exceeds its sentencing authority, the sentence is void only as to the excessive portion of it. *Kennedy v. United States*, 330 F.2d 26, 27 (9th Cir. 1964). The remedy for imposition of a condition requiring excessive restitution is a reduction of restitution to the amount authorized. *Orr*, 691 F.2d at 433–34.

The restitution condition here was authorized to the extent that it ordered payment of taxes due for 1975–1977. We conclude that including the amount of taxes due for 1974 could have made no significant difference in the court's consideration of revocation of probation. Because probation has been revoked, the conditions of probation are no longer in effect and no remedy is required.

▮ Appellant contends that the restitution condition was improper because his tax liability had not been "finally determined" when the court imposed sentence. Most circuit courts have suggested that a district court may not validly impose such a condition unless the amount of the tax liability has been "finally determined." *See United States v. Franks*, 723 F.2d 1482, 1487 (10th Cir.1983); *United States v. Touchet*, 658 F.2d 1074, 1076 (5th Cir.1981) (per curiam); *United States v. Weber*, 437 F.2d 1218, 1220 (7th Cir.), *cert. denied*, 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1971); *United States v. White*, 417 F.2d 89, 94 (2d Cir.1969), *cert. denied*, 397 U.S. 912, 90 S.Ct. 910, 25 L.Ed.2d 92 (1970); *United States v. Taylor*, 305 F.2d 183, 187 (4th Cir.), *cert. denied*, 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962); *United States v. Stoehr*, 196 F.2d 276, 284 (3d Cir.1952).

The requirement of a final determination derives from the language in § 3651 that limits restitution to actual damages. The amount of taxes owed is ordinarily not determined in a criminal proceeding, such as that here, but in a separate civil proceeding or by the defendant's acquiescence in the government's assessment of deficiency. *See Stoehr*, 196 F.2d at 284.[1]

Courts have been concerned that requiring a defendant to pay a specific amount of back taxes as a condition of probation would "hamper the determination by legal process of the [defendant's] civil liability." *White*, 417 F.2d at 94. A defendant would be forced to pay the back tax before he had an opportunity to challenge the government's assessment of his tax liability. Here the condition was not enforced until after Green had agreed to the assessment of tax liability.

In virtually all tax cases invalidating probation conditions, the district court had required the defendant to pay a specific amount of tax. *See, e.g., Franks*, 723 F.2d at 1487 ($100,000); *Touchet*, 658 F.2d at 1076 (deficiencies charged in indictment); *White*, 417 F.2d at 94 (existing liabilities as computed by IRS). Here, the court did not require the payment of a specific sum, but only the amount of back taxes "due and owing."

Both the Fourth and the Seventh Circuits have approved conditions similar to this one. *See Weber*, 437 F.2d at 1218; *Taylor*, 305 F.2d at 188. In *Weber*, the district court ordered the defendant to "make settlement in full with the Internal Revenue Service for taxes owed" and explicitly recognized the defendant's right to contest any tax assessed. The Seventh Circuit held that the settlement of tax liabilities for the three years covered by the indictment was a legitimate condition of probation under § 3651. *Id.* at 1220.

▮ In *Taylor*, the Fourth Circuit struck down a condition that required the payment of taxes before a formal determination had

---

1. The determination of a taxpayer's civil liability is initiated when the IRS sends the taxpayer a statutory notice of deficiency. 26 U.S.C. § 6212(a). The taxpayer then has ninety days to file a petition in Tax Court seeking a redetermination of the deficiency. 26 U.S.C. § 6213(a). Alternatively, the taxpayer may pay the deficiency and claim a refund in the district court or the Claims Court. If no petition is filed or the decision of the Tax Court has become final, the IRS will then assess the deficiency. 26 U.S.C. § 6213(c).

If the taxpayer agrees with the IRS's determination of the deficiency, he or she will ordinarily be requested to sign a Form 870 or Form 870AD.

been made. The court held, however, that the district court could reframe the condition to require payment in full, within a specified time, of all taxes "(1) found by a jury to have been evaded (2) shown by defendant's returns to be due, or (3) determined and assessed by the Commissioner." *Id.* at 188. The court said:

> The district court may still require, as a condition of probation, the payment of all taxes and penalties lawfully determined to be due and collectible. The only limitation is that the *amounts of payments* should be referable to a more formal determination than the District Court's calculations based upon otherwise affirmed computations of a Revenue Agent.

*Id.* (emphasis added). That means that, although the district court may not require the payment of a specific sum before a final determination of tax liability, it may require payment of back taxes and refer the determination of the specific amount to a subsequent proceeding.

Finally, requiring that the final determination occur before probation is revoked serves well the policies of the Federal Probation Act. A primary purpose of probation is to rehabilitate an offender. *Higdon v. United States*, 627 F.2d 893, 897 (9th Cir.1980).

■ The Act gives the sentencing judge "an exceptional degree of flexibility" to furnish terms and conditions of probation that further this purpose. *Burns v. United States*, 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266 (1932). Courts require the payment of back taxes not just to recoup the government's losses, but also to remind the tax evader of the civic responsibility that underlies our tax system.

In most cases, the exact amount of back taxes is not finally determined in the criminal prosecution. If district courts could not require the payment of back taxes before a final determination of tax liability, they would be effectively deprived of a valuable sentencing option and a powerful tool for rehabilitation.

■ Faced with the choice of imposing unrestricted probation or incarceration, judges might well choose the latter for fear that the former would encourage further tax evasion. To avoid this unenviable prospect, we hold that the final determination need occur only before revocation. This result ensures that sentencing judges retain maximum flexibility, and that probationers have the right to contest the amount of their civil liabilities. *See Taylor*, 305 F.2d at 188.

Green's tax liability was finally determined on May 31, 1983 when he signed the Form 870 and agreed to the IRS's assessment of his tax liability. The final determination occurred after sentencing and after probation had begun, but before probation was revoked. The restitution condition was properly imposed.

II. Revocation of Probation

■ We review a decision to revoke probation for an abuse of discretion. *United States v. Ferguson*, 624 F.2d 81, 83 (9th Cir.1980). Green argues that the court abused its discretion by not considering his financial circumstances, his payment of taxes for the years 1982 and 1983, and his lack of opportunity to pay the delinquent taxes for the years 1974–1977. We reject these arguments.

The court had abundant reason to revoke probation. Green made no effort to pay his back taxes. *See Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 2072–73, 76 L.Ed.2d 221 (1983). His actions reflect an intent to avoid paying. He not only failed to pay anything toward his tax liability, but he refused to cooperate with the agent who assessed his liability, despite numerous opportunities to participate in that process. Green's payment toward his 1982 and 1983 tax liability does not excuse his general recalcitrance. His failure at the revocation hearing to offer any payment toward his tax liability or to suggest a payment schedule convinced the district judge of his continuing bad faith. It convinces us, too.

Green's claim of indigency is inherently incredible. He earns $20,000 per year and has substantial assets, including a car and

several horses. He is single and has no dependents. Although he claims to have substantial debts and expenses, he cannot explain why he was unable to use any of his income or assets to pay his tax liability as ordered.

Finally, we reject his contention that he had no adequate opportunity to pay. Agent Peters sent him a copy of the audit in August 1982, nearly a year before the revocation. One month before revocation, Green signed a form agreeing to the determination of his liability. Green's tax advisor concurred in the agent's determination. Green knew what he owed and had the opportunity to arrange payment.

### III. Resentencing

Green also challenges the court's imposition of the previously suspended sentence and that it failed to consider his inability and lack of opportunity to pay. We have already considered and rejected these arguments. We find them no more persuasive in this guise.

AFFIRMED.