**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4645

LEROY JASON SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-91-314)

Submitted: July 8, 1997

Decided: September 5, 1997

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Brian Donnelly, Virginia Beach, Virginia, for Appellant. J. Rene
Josey, United States Attorney, Beth Drake, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Leroy Smith appeals from the twelve-month sentence imposed by the district court after revoking his term of supervised release and from the denial of his motion to vacate judgment. We affirm.

Smith pled guilty in 1992 to one count of bank fraud, 18 U.S.C. § 1344(a)(2) (1994), and was sentenced to five months imprisonment followed by three years of supervised release. The standard conditions of supervised release included the requirement that Smith (1) submit a "truthful and complete written report" to his probation officer each month; (2) that he "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;" and (3) notify the probation officer within 72 hours of any change in residence or employment. In addition, Smith's supervised release was conditioned on payment of $120,000 in restitution, payable in monthly installments equaling ten percent of Smith's gross monthly income, pursuant to the Victims and Witness Protection Act, 18 U.S.C. §§ 1363-1364 (1994). The restitution payments were to be put into an escrow account maintained by the district court for the benefit of Community Federal Savings and Loan Association (the bank from which Smith fraudulently withdrew the $120,000). Smith began his term of supervised release on December 12, 1992. On December 8, 1995--eleven days prior to the expiration of his term of supervised release--the United States Probation Office filed a petition in the district court seeking revocation of his supervised release for violating the terms therein. Specifically, the petition alleged that Smith had failed to (1) submit truthful monthly supervision reports; (2) answer truthfully all inquiries by the probation officer and to follow his instructions; (3) notify his probation officer within 72 hours of a change in employment; and (4) pay required restitution. After a hearing at which Smith testified, the district court, on July 30, 1996, revoked Smith's supervised release and sentenced him to twelve months imprisonment. Smith appeals, claiming that the district court lacked authority to impose restitution and, therefore, was without jurisdiction to revoke his supervised release for failure to make the payments.

2

We review the district court's revocation of supervised release for abuse of discretion. United States v. Stephenson , 928 F.2d 728, 731 (6th Cir. 1991); see also United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (applying the standard). Smith claims that the district court was without authority to impose the restitution order in the underlying judgment. Smith did not object to the restitution order at sentencing or on direct appeal, nor did he file a Fed. R. Crim. P. 35 motion for correction of an illegal sentence or a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). An unappealed sentence or a sentence upheld on appeal is presumed valid until vacated under § 2255, the exclusive remedy for challenging the validity of a sentence. See United States v. Almand, 992 F.2d 316, 317 (11th Cir. 1993); United States v. Irvin, 820 F.2d 110, 111 (5th Cir. 1987) (a probationer who never challenged the terms of the restitution provision either at the time of his sentencing or by way of direct appeal and did not seek relief under Rule 35 or § 2255 was "foreclosed from attacking the condition on his subsequent appeal from the order revoking probation") (quoting United States v. Weber, 437 F.2d 1218, 1220 (7th Cir. 1971)). Accordingly, Smith has waived his claims challenging the validity of the restitution order by his failure to raise them prior to the revocation proceeding.

In any event, Smith's failure to pay restitution was one of three independent grounds on which the district court relied in revoking his supervised release. At the conclusion of the hearing, the district court specifically found that Smith had violated two other conditions of supervised release; namely (1) he failed to submit financial statements as directed by his probation officer and the terms of his supervised release and, (2) he failed to notify his probation officer of a change of employment within 72 hours.

We find that the district court did not abuse its discretion in revoking Smith's supervised release and, accordingly, affirm Smith's sentence and the district court's denial of his motion to vacate judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the judicial process.

AFFIRMED