**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-15515 |
| Plaintiff-Appellee, | D.C. Nos. 3:20-cv-08152-DGC-1<br>3:14-cr-08164-DGC-1 |
| v. | |
| GARY S. CHRISTENSEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted February 15, 2022[**]

Before:      FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Gary S. Christensen appeals pro se from the district court's orders granting

in part and denying in part his petition for a writ of error coram nobis, and denying

his motion for reconsideration.  We have jurisdiction under 28 U.S.C. § 1291.

Because we agree with the district court that Christensen has not shown an error

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"of the most fundamental character," *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007), with respect to his remaining restitution obligation, we affirm. *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) ("Because [the coram nobis] requirements are conjunctive, failure to meet any one of them is fatal.").

Christensen first contends that the Internal Revenue Service ("IRS") is not entitled to receive restitution. This argument is unavailing because Christensen was convicted of evading taxes and failing to file tax returns, in violation of 26 U.S.C. §§ 7201 and 7203, and the restitution statutes "unambiguously authorize[] federal courts to order restitution as a condition of supervised release for *any* criminal offense, including one under Title 26, for which supervised release is properly imposed." *United States v. Batson*, 608 F.3d 630, 635 (9th Cir. 2010). Christensen's contention that *Batson* has been implicitly overruled by intervening authority is waived because he did not raise it below, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009), and is unpersuasive, *see Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Christensen next asserts that the district court lacked jurisdiction to order restitution because there was no plea agreement or proof that the IRS had made a lawful, final determination of the actual tax loss. However, the district court need only make "a reasonable estimate of the loss, given the available information."

*United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010) (internal quotation marks omitted). Here, the evidence upon which the district court made its calculation was supported by "sufficient indicia of reliability." *Id*. at 1073. Contrary to Christensen's argument, *United States v. Green*, 735 F.2d 1203 (9th Cir. 1984), did not require the court to do more.

Finally, Christensen argues that the district court plainly erred by ordering that he pay restitution while incarcerated. The record shows that Christensen participated in the Bureau of Prisons' voluntary Inmate Financial Responsibility Program, through which $50.00 was applied to his restitution obligation. We agree with the district court that payment of this nominal amount is not a fundamental error warranting coram nobis relief. *See Riedl*, 496 F.3d at 1006.

**AFFIRMED.**